IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY WASHINGTON,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| v. | : | **No. 10-5371** |
| | : | |
| **JEFFREY BEARD, et al.,** | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this 12th day of January 2015, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 38) and responses thereto,[1] it is hereby **ORDERED** that:

---

[1] All of the petitioner's claims are based on ineffective assistance of counsel. Judge Rice found that these claims were either meritless or procedurally defaulted. The petitioner filed several objections to the Report and Recommendation. Most of the "objections" are simply re-argument of the same points the petitioner made in his original brief supporting his habeas petition. Judge Rice addressed these arguments fairly, accurately, and thoroughly. I will briefly address those points which are actual objections to the Report and Recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

First, the petitioner claims that trial counsel was ineffective for failing to move for suppression of Jerome Garey's identification. The state court found that the petitioner had failed to establish prejudice because other admissible evidence showed that the petitioner was the perpetrator. The suppression of the identification would have had little effect on the jury's decision. The Pennsylvania Superior Court adopted this reasoning in affirming the PCRA court. Judge Rice found that this was not contrary to or an unreasonable application of Strickland.

According to the petitioner, Judge Rice used a "sufficiency of the other evidence" standard in determining that counsel's error did not prejudice him. The petitioner argues this determination was erroneous because the standard is whether "but for counsel's errors, there is a reasonable probability that the factfinder would have had a reasonable doubt with respect to the defendant's guilt." Doc. No. 48 at 11 (citing Strickland). The petitioner is splitting hairs. Judge Rice, in examining the state court's decision, found that the state court was not "objectively unreasonable" in finding there was no prejudice. "In making [a prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland v. Washington, 466 U.S. 668, 695 (1984). "Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 696. This is exactly how the PCRA court analyzed the claim, as Judge Rice explained. The state court's analysis of this claim is not an unreasonable application of Strickland.

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

The petitioner's second claim was that trial counsel was ineffective for not investigating whether petitioner was someone who drank and frequented bars. He claimed that such an investigation would have uncovered witnesses who would have contradicted Gwen Enoch's testimony. The state court rejected this claim because counsel would have no reasons to know of witnesses that would have contradicted Enoch's testimony. The petitioner's contention that he did not drink or frequent bars also would not necessarily contradict Enoch's testimony. Judge Rice found this analysis was not objectively unreasonable.

The petitioner argues that Judge Rice's reasoning was flawed because: 1) the state court failed to conduct an evidentiary hearing; and 2) the state court's reasoning was an unreasonable application of Strickland. The petitioner fails to explain why an evidentiary hearing was warranted in the first place. The petitioner was presenting no new "facts" in the case. Instead, he wanted to introduce character evidence, which would have been available at the time of trial. I also see no deficiencies in Judge Rice's finding that the state court was objectively reasonable in its Strickland analysis. In its "prejudice" analysis, the state court looked at how likely the character evidence would have changed the outcome. This is not objectively unreasonable under Strickland.

The petitioner next argues that Judge Rice erred in not granting an evidentiary hearing. The decision to hold an evidentiary hearing is within the discretion of the district court if the petitioner satisfies 28 U.S.C. § 2254(e)(2). See Goldblum v. Klem, 510 F.3d 204, 220-221 (2007). Judge Rice explained why a hearing was not warranted in this case. I agree with his reasoning.

Lastly, the petitioner argues that Judge Rice erred in not issuing a certificate of appealability for the two claims discussed above (Claims 1 and 2). However, the petitioner offers no reasons why the issues contained in these claims are "debatable among jurists of reason," beyond the fact that the petitioner himself disagrees with the state court's decision (and that of Judge Rice's). This objection is meritless.